**FILED - GR**
January 13, 2017 2:35 PM

CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ns / ____ Scanned: Kw 1/18

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

JORDAN BROWN,

    PLAINTIFF,

V.

DIRECTOR HEIDI WASHINGTON,
DENTIST JOHN JOBOULIAN,

    DEFENDANTS.

CASE NO. **1:17-cv-47**

HONORABLE Paul L Maloney - U.S. District Judge
Phillip J. Green - U.S. Magistrate Judge

---

## CIVIL RIGHTS COMPLAINT

## DEMAND FOR A JURY TRIAL

Submitted by:
Jordan Brown #887524
Carson City Correctional Facility
10274 Boyer Road
Carson City, Michigan 48811

## PRELIMINARY STATEMENT

1. This is a civil rights action filed by Jordan Brown, a state prisoner, for monetary damages and injunctive relief under 42 U.S.C. § 1983.

2. The plaintiff is alleging denial of adequate dental treatment in violation of the United States Constitution Eighth Amendment Cruel and Unusual Punishment Clause.

3. The complaint sets forth a challenge to an unconstitutional application of a Michigan Department of Corrections Policy Directive 04.06.150 Dental Services. The policy is in violation of the Eighth Amendment. The policy is designed to delay, deny dental treatment, cause pain & suffering, infections and extract teeth instead of repairing teeth.

4. Due to the unconstitutional application of the said policy, the plaintiff has suffered infections, pain, extraction of teeth when they were deemed repairable by a Dentist

## JURISDICTION

5. The Court has jurisdiction over plaintiff's claim of violation of the federal constitution rights under 42 U.S.C. §§ 1331(1) and 1343. The Court has implicit venues of the instant cause of action as affronted in 28 U.S.C. § 1391.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff has exhausted all available remedies by filing administrative grievances through all steps.

## NUMBER OF PREVIOUS CIVIL ACTIONS FILED

7. Plaintiff's number is 0. This is Plaintiff's only civil action filed.

## PARTIES

8. The plaintiff, Jordan Brown #887524, is currently incarcerated within the Michigan Department of Corrections, here after (MDOC), currently located at the Carson City Correctional Facility, 10274 Boyer Road, Carson City, Michigan

4R811.

9. Defendant John Joboulian, is the Dentist, employed by the (MDOC) working at the Michigan Reformatory, 1342 West Main St., Ionia, Michigan 48846. He is for all described periods of time the Dentist at the Michigan Reformatory. His job consist of dental examinations, routine dental treatment, urgent dental treatment, emergency dental treatment, filling teeth, extracting teeth, prescribing pain medication, etc. He is employed by the Michigan Department of Corrections acting under color of state law. He is charged with ensuing compliance with (MDOC) policies and procedures, as well as enforcement of all rights embodied in the state and federal constitution. He is being sued in his individual capacity for monetary damages. He is a named Defendant.

10. Defendant Heidi Washington, is the Director of the Michigan Department of Corrections, located at the, Grandview Plaza Building, P.O. Box 30003, Lansing, Michigan 48909. Her job description consist of supervision of the entire prison system, including approving all Policy Directives. She is acting under color of state law. She is charged with ensuing compliance with (MDOC) polices and procedures, as well as enforcement of all rights embodied in the state and federal constitution. She is being sued in her individual capacity for injunctive relief and monetary damages. She is a named Defendant.

### FACTS

#### Unconstitutional Dental Policy:

11. Plaintiff is seeking injunctive relief for the policies described in this complaint. The Michigan Department of Corrections has implemented a Policy Directive 04.06.150 Dental Services, effective November 30, 2013. The policy governs dental care for all prisoners within the (MDOC) (See exhibit #1 Policy)

12. There are two types of policies provided by the (MDOC). One is exhibit #1, named, Policy Directive, and it governs the criteria to be followed for all

2

prisons within the (MDOC). The other is called an Operation Policy. It has the same name & number as the Policy Directive, but differs in this fashion. An Operation Policy is written by each individual prison. The policy is based from the Policy Directive and should not contradict a policy directive. However, they usually do, and the institution follows their own written operation procedure.

13. The policy directive issued by the (MDOC) denies and delays treatment as follows: Paragraph I reads:

" ... Prisoners are eligible for routine dental services after 24 months from the first day of intake." The policy then describes the treatment available after 24 months of incarceration. Plaintiff filed an administrative grievance challenging the policy against Director Washington, but the MDOC does not allow the grievance procedure to be used to challenge a policy. (See attached grievance Exhibit #2)

14. The Operation Policy issued by the Michigan Reformatory where the plaintiff's denial of treatment occurred reads:"... after the 24 month period, routine dental services are available as follows; Minor Oral Surgery, Restorative Services, etc. However, if you have a tooth that needs restorative services, like a filling, a prisoner cannot have that done for 24 months." (See exhibit #3, Operational Policy).

15. The policy allows a tooth to be extracted at anytime, but not filled. Even if a Dentist determines a prisoners tooth needs-to-be-filled and can be repaired, the prisoners is denied that treatment for 24 months.

16. Plaintiff wants to point out, even after the 24 month period has expired, and you become eligible to have a tooth filled, you are then placed on a waiting list. That list can be several months long.

17. To further show the policy denies treatment, Paragraph J reads. "... Prisoners who will be paroled or discharged within one calendar year may be

3

denied routine dental services."

18. When a prisoner is within one year from release, that prisoner will not be allowed to have a tooth filled. However, they will extract the tooth. This is being deliberately indifferent to a prisoners known medical needs.

19. Based on the Policy and the Defendants actions, when a prisoner has a three (3) year sentence to serve, he is denied dental treatment altogether. He cannot obtain treatment for the first 24 months, and then is denied treatment when he has one (1) year left to serve. This is clearly a denial of required dental treatment.

20. The above facts and attached policies clearly demonstrates the (MDOC) Dental Service is clearly unconstitutional, violating the Eighth Amendment.

21. The Policy denies treatment, delays treatment and in the process of these violations, it causes prisoners to suffer pain, deal with infections, have teeth extracted that can be repaired. This is without a doubt being deliberately indifferent to a prisoners medical needs.

Procedural History of Dental Services:

22. These facts are quoted from the defendants medical charts. (See exhibit #4, Dental Records) Plaintiff had his first dental problem while at the Michigan Reformatory on November 25, 2013. Plaintiff sent a dental care request form (kite) to dental services. The kite read: "I have a hole in my back tooth side. This is a request for an exam to determine what needs to be done."

23. Defendant's Response, "Per P.D. 04.06.150 you are ineligible for routine dental service due to not meeting the 2 year requirement." The defendants were being deliberately indifferent to plaintiff's medical condition in violation of the Eighth Amendment.

24. Due to the denial in treatment, on January 6, 2015, plaintiff's filling fell out. Plaintiff sent a kite to health services, marked,

4

"Urgent/Emergency, My back tooth filling came out, I am in a lot of pain.'

25. On January 8, 2015, plaintiff was seen by Defendant Joboulian. The Defendant's note read, "Emergency Exam Note, Blood Pressure 114/55 pulse 60, lost filling and pain. ... abscess #18."

26. This egregious delay in treatment caused the plaintiff pain and suffering, an infection and then the extraction of his tooth on January 8, 2015. Which could have been repaired, reflected in the dental chart and grievance responses.

27. On April 21, 2015, plaintiff sent a kite to dental. The kite was determined as "emergency" by the Defendant. The kite read, "Broken tooth #30, pain when eating."

28. The exam reveals tooth decay. Plaintiff informed the Defendant he did not want his tooth extracted if it could be repaired, filled.

29. The Defendant wrote in his notes, tooth restorable. Advised plaintiff to kite in September for another exam. The Defendant was aware the plaintiff's tooth needed to be filled, he deemed it as restorable. But, refused to fix the plaintiff's tooth. He knew the plaintiff was in pain, and failed to provide any pain medication. This is unequivocally being deliberately indifferent to plaintiff's medical condition in violation of the Eighth Amendment.

30. The Defendant informed the plaintiff in April, your tooth needs to be filled, it is restorable. However, kite me back in 5 months.

31. Plaintiff filed an administrative grievance on May 11, 2015, complaining of pain and requesting his tooth be fixed before it becomes infected like his last one did. The Defendant's response at step I of the grievance is, "Grievant was examined on April 27 and it was determined his tooth is reparable. However, he does not qualify for a filling, which is a routine dental service, because he has not been incarcerated with the MDOC for 24 consecutive months. An

5

extraction was offered to him to alleviate his pain, but he refused." The grievance was written on Defendant Johoulian, per the grievance policy, he is not allowed to respond to his own grievance. (See exhibit #5, grievance).

32. No pain medication was prescribed for the pain. This is clearly an Eighth Amendment violation. It further verifies, the policy is unconstitutional, in that, it denies delays and is designed to extract teeth rather than repair them.

33. Plaintiff kited dental service again on May 4, 2015, the medical notes read, "Patient would like to know if he is getting his tooth restored. Patient is not eligible for routine dental treatment, not meeting the 24 month eligibility requirement."

34. The Defendant's notes clearly contradict the attached policies, where routine dental services indicate restoration. This is a clear situation where the deliberate indifference standards is met.

35. On May 20, 2015, the Defendants medical notes state, "Discussed patient's desire to have his tooth restored before 24 month period. Told him restoring a tooth is a routine procedure and he is not eligible for routine dental services. Advised him to send a kite in September."

36. On July 20, 2015, plaintiff filed another administrative grievance. He informed the facility another small fragment of tooth #30 broke off and he is in pain. The Defendant's rejected the grievance. They refused to process it. (See exhibit #6)

37. When plaintiff became eligible in September. He kited dental services, requesting his tooth be filled.

38. On October 5, 2015, the plaintiff's dental chart reads, "Treatment plan extract the tooth. Infected and can no longer be repaired." This deliberate delay to repair plaintiff's tooth now results in another extraction, several

6

months of pain with no prescribed pain medication.

39. Plaintiff filed another administrative grievance to have his tooth filed. An x-ray revelled the cavity was much bigger and closer to the nerve.

40. Plaintiff also has other dental problems during the course of his quest to obtain adequate dental treatment. This is all revealed on November 5, 2015, with the following notes, "decay tooth #13, decay tooth #14, un-restorable tooth #30, decay tooth #31 Mo, decay tooth #31 B. Instead of any further dental service, plaintiff is placed on a waiting list. He is denied treatment with known serious medical concerns.

41. On December 9, 2015, plaintiff kites dental services, the chart reads: "Would like to know if he is on the schedule to have is teeth filled."

42. On January 7, 2016, the Defendants notes read, "Patient refuses extraction." Once again, a tooth that is deemed as repairable, but due to delay, is now requiring extraction.

43. Plaintiff, did not want anymore of his teeth extracted. However, on March 10, 2016, plaintiff kites dental service, explaining he is in serious pain and the only option he has is to now have his tooth extracted. Only because that is the only option the (MDOC) is offering.

44. Plaintiff has demonstrated throughout his complaint, the MDOC Policy Directive for dental service is clearly unconstitutional.

## CLAIM FOR RELIEF

45. The actions of John Joroulian, in failing to intervene and prevent the denial of adequate dental treatment by filling the Plaintiff's teeth instead of extracting his teeth is in violation of the Eighth Amendments cruel and unusual punishment clause.

46. The actions of defendant Heidi Washingtons' failure to correct a policy that unequivocally violates the Eighth Amendment, by denying treatment, causing

7

pain and suffering, the loss of the plaintiff's teeth when his teeth would have been repaired minus MDOC policy, clearly violates cruel and unusual punishment.

47. Plaintiff has demonstrated, the named defendants violated his Eighth Amendment right against cruel and unusual punishment and denied him adequate medical/dental treatment. Plaintiff suffered pain, infections and the loss of teeth that should have been repaired.

## RELIEF SOUGHT

(a) Injunctive Relief for Policy Directive 04.05.150 Dental Services, by removing the delay of 24 months to obtain adequate dental treatment. Also removing the denial of dental treatment for the last year of incarceration.

(b) Punitive Damages against Director Washington in the amount determined by a jury.

(c) Damages against Director Washington for plaintiff's pain and suffering, extraction of his teeth in the amount determined by a jury.

(d) Punitive Damages against Defendant Johoulian in the amount determined by a jury.

(e) Eighth Amendment Violation for pain and suffering denial of adequate medical treatment against Defendant Johoulian, in the amount determined by a jury.

(f) Deliberate Indifference compensation for loss of teeth against Defendant Johoulian in the amount determined by a jury.

(g) Plaintiff is also seeking compensatory damages for the loss of his teeth against both defendants as well as nominal relief.

Respectfully submitted by:

Jordan Brown

Date: January 9, 2017

A

Jordan Brown, #887524
Carson City Correctional Facility
10274 Boyer Road
Carson City, Michigan 48811



Clerk
Federal District Court
110 Michigan Street N.W.
Grand Rapids, Michigan 49503