UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | |
|---|---|
| JORDAN BROWN, # 887524, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:17-cv-47 |
| v. ) | |
| ) | Honorable Paul L. Maloney |
| HEIDI WASHINGTON, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner through counsel pursuant to 42 U.S.C. § 1983. Plaintiff named Heidi Washington, Director of the Michigan Department of Corrections, and John Joboulian, D.D.S., as defendants. Plaintiff alleges that defendants were deliberately indifferent to his serious dental needs in violation of his Eighth and Fourteenth Amendment rights.

The matter is before the Court on defendants' motion for summary judgment. (ECF No. 21). Plaintiff opposes defendants' motion. (ECF No. 23). For the reasons set forth herein, I recommend that the Court dismiss plaintiff's claims for damages against defendant Washington in her official capacity because they are barred by Eleventh Amendment immunity. I further recommend that the Court dismiss plaintiff's claims for injunctive relief against defendant Washington because they are moot. I further recommend that the Court grant defendants' motion for summary judgment and enter judgment in defendants' favor on all plaintiff's claims. I further

recommend, on an alternative basis, that plaintiff's Fourteenth Amendment claims be dismissed under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted.

## Applicable Standards

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham Cty. Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence

of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].' " *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018).

## **Proposed Findings of Fact**

Plaintiff is an inmate held in the custody of the Michigan Department of Corrections (MDOC). In September 2013, he began serving his sentence, and he received an intake dental examination. Plaintiff testified that he could not recall receiving any dental care other than that provided by an Ohio county jail, the Oakland County jail, and the MDOC. (Plf. Dep., 5, 15-39, ECF No. 22-9, PageID.216, 219-25). Plaintiff's education did not proceed past the eleventh grade. He does not have any expertise regarding professional standards of dental care.[1] (Plf. Dep., 37,

---

[1] Plaintiff presents no evidence from an expert supporting his opinion that the dental care that he received in the MDOC's custody was deficient.

47, PageID.224, 227).

Heidi Washington is MDOC's director. She was not involved in providing plaintiff's dental care. (Washington Aff. ¶¶ 2-6, ECF No. 22-10, PageID.241-42).

John Joboulian is a licensed dentist employed by the MDOC. (Joboulian Dep., 8-10, ECF No. 22-5, PageID.180-81; ECF No. 23-6, PageID.349-51). Dr. Joboulian began treating plaintiff in January 2015. (ECF No. 22-3, PageID.168).

A prisoner notifies heath care personnel of a dental need by filing a health care request form, also known as a kite.[2] Prisoners with the most urgent dental needs receive priority. (Joboulian Dep., 18-19, PageID.183; Plf. Dep., 39-42, PageID.225-26). In November 2013, plaintiff submitted a kite indicating that he had a hole in a tooth, but he did not indicate that he was experiencing any pain. He received a response from a dental assistant stating that he was not eligible for routine dental services. (ECF No. 22-3, PageID.168; Joboulian Dep., 43-45, PageID.189; P.D. 04.06.150 ¶¶ N-P, ECF No. 23-7, PageID.354-55). "Prisoners are eligible for routine dental services after 24 months from the first day of intake." (P.D. 04.06.150 ¶ L, ECF No. 23-7, PageID.354; *see* Joboulian Dep., 32-33, PageID.186).

On January 6, 2015, plaintiff submitted a kite requesting dental care. He reported that one of his fillings fell out. On January 8, 2015, Dr. Joboulian examined plaintiff, and he prescribed antibiotics for an infection and Tylenol for pain. Plaintiff

---

[2] Plaintiff filed a number of grievances regarding his dental care and he pursued related appeals. (ECF No. 23-10 through 23-26). Dental appointments are not scheduled through the grievance process. (Joboulian Dep., 65, PageID.194; P.D. 04.06.150 ¶ N, ECF No. 23-7, PageID.354).

was scheduled to have tooth eighteen extracted.[3] (ECF No. 22-3, PageID.168-69; Plf. Dep., 43-46, PageID.226-27; Joboulian Dep., 48-50, PageID.190-91). On January 15, 2015, plaintiff returned to Dr. Joboulian and signed the consent form authorizing him to extract the tooth. The tooth was not restorable. Dr. Joboulian extracted the tooth and prescribed Ibuprofen. (ECF No. 22-3, PageID.169-70; Plf. Dep., 45-48, PageID.26-27; Joboulian Dep., 50, 106, PageID.191, 205).

On April 21, 2015, plaintiff requested dental care regarding a broken tooth, number thirty. Dr. Joboulian examined plaintiff later that day. (ECF No. 22-3, PageID.170; ECF No. 22-4, PageID.176). Plaintiff was offered extraction of the tooth to address his discomfort, but he refused the dental care offered because he wanted the tooth repaired. Dr. Joboulian initially believed that tooth thirty was restorable, but he now believes that his initial assessment was incorrect. Dr. Joboulian testified that, in his professional dental opinion, extraction is an appropriate dental treatment. It solves the dental problem and it enables the patient to function without pain. On May 20, 2015, Dr. Joboulian again offered to extract tooth thirty and plaintiff again declined the treatment offered. (ECF No. 22-3, PageID.170; Plf. Dep., 54, 81, 85, PageID.228-29, 235-36; Joboulian Dep., 54-62, 70-72, 78-79, 103-05, PageID.193-94, 96, 198, 204).

On August 6, 2015, plaintiff sent a kite regarding tooth thirty. A dental assistant responded that plaintiff had not yet served two years in MDOC custody and

---

[3] (*See* Diagram of Oral Cavity, ECF No. 22-4, PageID.176).

that he should re-kite in September 2015. On October 1, 2015, plaintiff submitted a kite asking to have the tooth filled. Plaintiff was scheduled for a dental appointment. (ECF No. 22-3, PageID.171).

On November 5, 2015, Dr. Joboulian examined plaintiff and advised him that tooth thirty was not restorable. Plaintiff declined to have the tooth extracted. (ECF No. 22-3, PageID.171; Plf. Dep., 86-88, PageID.237; Joboulian Dep., 71-76, PageID.196-97). On January 7, 2016, Dr. Joboulian again offered to extract tooth thirty, and plaintiff again refused. (ECF No. 22-3, PageID.172; ECF No. 22-8, PageID.213; Plf. Dep., 88, PageID.237; Joboulian Dep. 104-05, PageID.344-45).

On March 11, 2016, Dr. Kozicki extracted tooth thirty. (ECF No. 22-3, PageID.173; Plf. Dep., 83, 89, PageID.237; Joboulian Dep., 96, PageID.108-09). Plaintiff's dental records do not indicate that he experienced a loss of dental function stemming from the extraction of two teeth during his incarceration. (Joboulian Dep. 99, 107, PageID.203, 205).

On January 13, 2017, plaintiff filed this lawsuit. (ECF No. 1). On November 7, 2017, he filed his amended complaint. (ECF No. 16).

## Discussion

I.  **Eleventh Amendment Immunity**

Plaintiff's claims for damages against defendant Washington in her official capacity are barred by Eleventh Amendment immunity.[4] The Eleventh Amendment

---

[4] Although the caption of plaintiff's Amended Complaint suggests that plaintiff is seeking damages against Dr. Joboulian in his official capacity, paragraph nine

-6-

bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). A suit against a state officer in his or her official capacity is simply another way of pleading an action against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *VIBO Corp. v. Conway*, 669 F.3d 675, 691 (6th Cir. 2012). Furthermore, states and their departments are not "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. at 71.

## II.  Mootness

Plaintiff's claims seeking injunctive relief against defendant Washington on the MDOC's policy regarding dental care provided to inmates during the first 24 months of incarceration are moot. Plaintiff has been in the MDOC's custody for more than five years and the policy no longer applies to him. Plaintiff's arguments regarding other prisoners are irrelevant. This is not a class action. The only claims at issue in this lawsuit are plaintiff's claims based on his dental care.

## III.  Director Washington

Director Washington had no personal involvement in plaintiff's dental care. It is well established that government officials may not be held liable for the

---

clarifies that he is suing Dr. Joboulian "in his individual capacity for monetary damages." (Am. Compl., PageID.114, 116).

unconstitutional conduct of their subordinates or others under a theory of *respondeat superior* or vicarious liability. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *See Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). I find that Director Washington is entitled to summary judgment on all plaintiff's claims.

## IV. Dr. Joboulian

### A. Eighth Amendment

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to a prisoner's serious medical needs, manifested by prison staff's intentional interference with treatment or intentional denial or delay of access to medical care, amounts to the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 104-05. In judging the sufficiency of "deliberate indifference" claims, the Court must view the surrounding circumstances, including the extent of the injury, the realistic possibilities of treatment, and the possible consequences to the prisoner of failing to provide immediate medical attention. *Westlake v. Lucas*, 537 F.2d 857, 860 n.4 (6th Cir. 1976).

In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court clarified the deliberate indifference standard: a prisoner claiming cruel and unusual punishment

must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component). 501 U.S. at 298. "The plaintiff must show both that the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and that the official acted with a culpable enough state of mind, rising above gross negligence." *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). No reasonable trier of fact could find in plaintiff's favor on the subjective component of an Eighth Amendment claim against Dr. Joboulian.

The Supreme Court held in *Farmer v. Brennan*, 511 U.S. 825 (1994), that deliberate indifference is tantamount to a finding of criminal recklessness. An official "cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety[.]" *Id.* at 837. "A doctor is not liable under the Eighth Amendment if he or she provides reasonable treatment, even if the outcome of the treatment is insufficient or even harmful." *Rhinehart v. Scutt*, 894 F.3d at 738. The judgments of medical professionals are entitled to deference. *Id.* The subjective component presents "a high bar that a plaintiff must clear to prove an Eighth Amendment medical needs claim: The doctor must have *consciously exposed* the patient to an *excessive risk* of *serious* harm." *Id.* (citation and quotation omitted).

The Sixth Circuit's decision in *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005), summarized the subjective component's requirements:

> Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of

> causing harm or with knowledge that harm will result. The prison official's state of mind must evince deliberateness tantamount to intent to punish. Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference. Thus, an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Miller*, 408 F.3d at 813 (citations and quotations omitted).

"An inmate's disagreement with the testing and treatment he has received does not rise to the level of an Eighth Amendment violation. Nor does a desire for additional or different treatment suffice to support an Eighth Amendment claim." *Rhinehart v. Scutt*, 894 F.3d at 740 (citations and quotations omitted). "A disagreement with a course of medical treatment does not rise to the level of a federal constitutional claim under the Eighth Amendment." *Id.* at 744. Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second-guess medical judgments and constitutionalize claims that sound in state tort law. *Id.* at 753.

Plaintiff has not presented evidence sufficient to support the subjective component of an Eighth Amendment claim for deliberate indifference to serious dental needs. The record shows that Dr. Joboulian displayed no deliberate indifference. The claims that Dr. Joboulian "should have" provided him with "different" dental care are, at best, state-law malpractice claims.

-10-

C. <u>Fourteenth Amendment</u>

Plaintiff's purported claims under the Fourteenth Amendment's Equal Protection Clause are duplicative of his Eighth Amendment claims.[5] . (Am. Compl. ¶¶ 55-58, ECF No. 16, PageID.125). After conviction, the Eighth Amendment serves as the primary source of substantive protection for prisoners.[6] The protections under the Fourteenth Amendment are, "at best redundant of that provided by the Eighth Amendment." *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989). I recommend that defendants' motion for summary judgment be granted on plaintiff's duplicative Fourteenth Amendment claims.

Alternatively, dismissal of these claims under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted is appropriate. "A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is *pro se*, or is represented by counsel[.]" *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). The Equal Protection Clause commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. "This provision creates no substantive rights. Instead, it embodies a general rule that States must treat like

---

[5] Defendants moved for summary judgment on all plaintiff's claims. (ECF No. 21, PageID.137). The duplicative nature of plaintiff's purported Fourteenth Amendment claims is underscored by the briefing, which focuses on plaintiff's Eighth Amendment claims.

[6] The Eighth Amendment's prohibition against cruel and unusual punishment "applies to the States through the Due Process Clause of the Fourteenth Amendment[.]" *Wilson v. Seiter*, 501 U.S. 294, 296 (1991).

cases alike but may treat unlike cases accordingly." *Vacco v. Quill*, 521 U.S. 793, 799 (1997) (citations and quotations omitted). Plaintiff does not allege that he was treated differently than any other prisoner. Plaintiff does not allege that he is a member of a suspect class, and "prisoners are not considered a suspect class for purposes of equal protection litigation." *Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005). I find that plaintiff has not alleged facts sufficient to state a claim upon which relief can be granted under the Fourteenth Amendment's Equal Protection Clause.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that the Court dismiss plaintiff's claims for damages against defendant Washington in her official capacity because they are barred by Eleventh Amendment immunity. I further recommend that that the Court dismiss plaintiff's claims for injunctive relief against defendant Washington because they are moot. I further recommend that the Court grant defendants' motion for summary judgment (ECF No. 21) and enter judgment in defendants' favor on all plaintiff's claims. I further recommend, on the alternative, that plaintiff's Fourteenth Amendment claims be dismissed under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted.

Dated: January 30, 2019    /s/ Phillip J. Green
　　　　　　　　　　　　　　PHILLIP J. GREEN
　　　　　　　　　　　　　　United States Magistrate Judge

### NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).