UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JORDAN BROWN, #887524, )<br>    Plaintiff, )<br>)<br>-v- )<br>)<br>HEIDI WASHINGTON )<br>and JOHN JOBOULIAN, )<br>    Defendants. )<br>_____ ) | No. 1:17-cv-47<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND
## GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Jordan Brown is a prisoner under the control of the Michigan Department of Corrections. He filed this lawsuit complaining about the dental care he received, alleging that it violated the Eighth Amendment. Defendants filed a motion for summary judgment. (ECF No. 21.) The magistrate judge reviewed the motion and issued a report recommending the motion be granted and Plaintiff's claims dismissed. (ECF No. 26.) Plaintiff filed objections.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

1. Defendant Washington.

Plaintiff's objection is overruled. Washington had no personal involvement in Plaintiff's treatment or the decision to grant or deny him treatment. Plaintiff's deposition testimony that he brought the situation to her attention through the grievance process is not sufficient to create a genuine issue of material fact. While Step III grievance appeals may be sent to Washington's office, the Policy Directive states that the appeal will be reviewed by the Grievance and Appeals Section Director on behalf of the Director (Washington). And, Washington submitted an affidavit saying that she was not personally involved with and had no knowledge of Plaintiff's situation.

2. Defendant Joboulian.

Plaintiff's objection is overruled. Plaintiff cannot satisfy the objective component of an Eighth Amendment claim. He was offered treatment for tooth #30, extraction. Plaintiff was not eligible for restoration. Plaintiff declined the treatment offered. Notably, the record contains no evidence suggesting that the tooth would not be restorable when Plaintiff became eligible. When Plaintiff became eligible for restoration, the tooth was no longer restorable. On these facts, Plaintiff cannot demonstrate he was not given treatment, he cannot demonstrate that the treatment he received was cursory, and he cannot demonstrate that the treatment he received was so grossly incompetent as to shock the conscience.

Neither has Plaintiff demonstrated the subjective component of an Eighth Amendment claim. Joboulian did not consciously disregard a substantial risk to Plaintiff's health. Joboulian concluded that the tooth #30 was not an emergent or urgent situation.

Joboulian offered the treatment for which Plaintiff was eligible at the time, extraction. On these facts, Joboulian was not deliberately indifferent to Plaintiff's medical needs.

For these reasons, the Report and Recommendation (ECF No. 26) is **ADOPTED** as the Opinion of this Court. Defendants' motion for summary judgment (ECF No. 21) is **GRANTED.**

**IT IS SO ORDERED.**

Date:  February 22, 2019                                  /s/ Paul L. Maloney
                                                                      Paul L. Maloney
                                                                       United States District Judge